IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JORDAN MATTHEW GRANT | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. PWG-17-2816 |
| STATE OF MARYLAND | * | |
| JOHN C. WOBENSMITH | | |
| DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY | * | |
| JOSEPH A. DUGAN, JR. | * | |
| JANNA DOMICO | | |
| MONTGOMERY COUNTY PRE-TRIAL SERVICES | * | |
| ANGELA TALLEY | * | |
| MONTGOMERY COUNTY POLICE DEPARTMENT | * | |
| J. THOMAS MANGER | | |
| RENEE MERRIMAN | * | |
| DAN CLEMENTS | | |
| JOHN DOE BROWER, BADGE NO. 2167 | * | |
| JOHN BEARDSLEY, BADGE NO. 1253 | | |
| JOHN DOE OFFICERS 3-10 | * | |
| R. ZEPEDA | | |
| T. CARLSON | * | |
| A. ONWUZURUIKE | | |
| PRINCE GEORGE'S POLICE DEPARTMENT | * | |
| HENRY P. STAWINSKI, 111 | | |
| JOHN DOE OFFICERS 1-14 | * | |
| Defendants. | * | |

*****

## **MEMORANDUM**

On September 21, 2017, Jordan Matthew Grant, a resident of Lanham, Maryland, filed this fee-paid complaint against eighteen named defendants and approximately twenty-two "John Doe Officers." Compl., ECF No. 1-3. Mr. Grant raises claims for "trespass," "trespass on the case," and "kidnapping," which stem from the issuance of a warrant and Grant's arrest on August 24, 2017 in

Montgomery County, Maryland on charges of armed robbery, conspiracy to commit armed robbery, first-degree assault, and use of a firearm by a felon convicted of a violent crime. *See* Compl. ¶ 13. Those charges were *nolle prossed* on September 22 and November 6, 2017. *See State v. Grant*, State Court Docket 2D00373431.[1]

Grant's thirteen-page complaint and attached affidavit and exhibits allege that police officers, armed with weapons, stopped him while he was traveling in his automobile, pulled him out of his vehicle, handcuffed and shackled him. He claims the vehicle was searched without his consent and he was "kidnapped" and taken by police car to the Montgomery County Police Department. *Id.* The remaining portion of the complaint contains little or no facts; rather, it is replete with legal citations and conclusions. *Id*. at 5–10. Grant requests damages, as well as declaratory and injunctive relief. *Id*. ¶¶ 50–65 .

Grant's Complaint does not fully discuss what actions were taken by each of the defendants, but he provides a list of their names and addresses, as well as an affidavit and exhibits, which help to illustrate the alleged involvement of some of the defendants in his state criminal case. Compl. 11–13; ECF; Aff., ECF No. 1-4; Pl.'s Ex., ECF No. 1-5.

Grant's Complaint does not expound on the jurisdictional basis for his filing suit in this federal court. His civil cover sheet indicates that he wishes to allege that defendants engaged in tortious conduct. ECF No. 1-1. However, this Court is a court of limited original jurisdiction and does not sit to review every claim related to alleged tortious conduct involving non-federal parties. Unless the Plaintiff alleges claims that arise under federal law, this Court's authority to resolve state-

---

[1] I take judicial notice of the state court docket on the Maryland Judiciary Case Search website, http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis. *See* Fed. R. Evid. 201(b)(2).

law claims must be pursuant to a federal district court's diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Here, the parties are not diverse and Grant's tort claims may not proceed in this Court.

Defendant Wobensmith is not referenced in the complaint, affidavit, or exhibits. The court takes judicial notice that John C. Wobensmith is currently the Secretary of State for the State of Maryland.[2] Because Grant does not allege that Wobensmith was personally involved in his arrest, detention and prosecution, the claim against this defendant shall be dismissed.

Presumably, Grant is alleging that his arrest, detention and prosecution were unlawful. Such allegations would invoke this Court's civil rights jurisdiction under 28 U.S.C. § 1343 and may proceed under 42 U.S.C. § 1983. Grant's list of defendants, affidavit, and exhibits are somewhat instructive as to his claims against the eighteen named defendants. He has presumably named (1) Assistant State's Attorney Janna Domico for her prosecutorial actions; (2) Court Commissioners Carlson, Zepeda, and Onwuzuruike for their actions in authorizing an arrest warrant and setting the conditions of Grant's release and bond; and (3) District Court Judge Joseph Dugan, Jr. for approving and signing the application for a search and seizure warrant. Pl.'s Ex.

Clearly, the alleged actions of Court Commissioners Carlson, Zepeda, and Onwuzuruike and Judge Dugan occurred in their quasi-judicial and judicial capacities. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d

---

[2] *Maryland Manual Online, A Guide to Maryland & Its Government*,
http://msa.maryland.gov/msa/mdmanual/08conoff/sos/html/msa17107.html.

842, 847 (6th Cir. 1994). The doctrine of absolute quasi-judicial immunity has been accepted and applied to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail*, 969 F, 2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)).[3] Court Commissioners Carlson, Zepeda, and Onwuzuruike are entitled to absolute quasi-judicial immunity for their actions in approving warrants and setting conditions of release and bond. *See Horsey v. State Comm'r* #2112, 2014 WL 2548130, at *1–2 (D. Md. 2014). Grant's claim against Judge Dugan is subject to absolute immunity for actions taken in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 9–11 (1991); *Forrester v. White*, 484 U.S. 219, 226–27 (1988)*; Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

Further, Grant's complaint against Assistant State's Attorney Domico for prosecuting him on the charges is subject to dismissal. Assistant State's Attorney Domico is absolutely immune from damage liability for actions taken in her prosecutorial capacity, because the decision whether to prosecute plainly falls under such protected actions. *See Van de Camp v. Goldstein*, 555 U.S. 335, 341–43 ((2009); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Springman v. Williams*, 122 F.3d 211, 213–14 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376–77 (4th Cir. 1996); *Franklin v. Office of Baltimore City State's Attorney*, WDQ-14-2356, 2015 WL 799416 at *3–4 (holding that the prosecutor was entitled to immunity when the charges were

---

[3] In Maryland, a defendant's initial appearance must take place before a judicial officer. *DeWolfe v. Richmond*, 434 Md. 444, 449 (2013). Under Maryland Rule 4–102(b), a "judicial officer" may be either a District Court Commissioner or a judge. *Id.* However, it is "general practice" in Maryland

4

disposed of by a *nolle prosequi* because doing so was "'at the core of [their] responsibilities' because it related to "whether to proceed with a prosecution.'" (citing *Springman v. Williams*, 122 F.3d at 213–14).

The claims against defendants Wobensmith, Dugan, Domico, Carlson, Zepeda, and Onwuzuruike are dismissed. The remaining defendants shall respond, either by answer or appropriate motion, to the complaint. A separate order follows.

Finally, on September 25, 2017, this court issued an Order Regarding Motions, ECF No. 2. Apparently in response, Plaintiff, on October 12, 2017, filed ECF No. 3, a "response" to that Order. It is a rambling, incomprehensible filing which provides no basis for any relief, assuming it was possible to discern what relief Plaintiff seeks. It is therefore denied, and Plaintiff shall comply with the Order regarding the filing of motions, ECF No. 2.


Date: February 26, 2018                   /S/
                                          Paul W. Grimm
                                          United States District Judge

---

for a District Court Commissioner to preside over an initial appearance. *Id.*